```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**DOUGLAS BATES**                                              **PLAINTIFF**

VS.                                   CIVIL ACTION NO. 3:03CV519-WHB-AGN

**THE DOW CHEMICAL COMPANY, ET AL.**                          **DEFENDANTS**


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion to Dismiss of Defendant Beazer East, Inc. (hereinafter "Beazer East"), f/k/a Koppers Company, Inc.[1]  Having considered the Motion to Dismiss, to which Plaintiff Douglas Bates failed to respond, the Court finds that the it is well taken and should be granted.

This case involves products liability claims and other related claims.  The subject Motion to Dismiss was filed with the Clerk of the Court on October 25, 2005.  Beazer East seeks dsimsissal based on the statute of limitations.  Plaintiff Bates failed to respond to the subject Motion, and the time limit for filing a Response has expired.  Therefore, Pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of

---

[1] Beazer East was incorrectly named in the Second Amended Complaint as Koppers, Inc.

Mississippi,[2] the Court finds that the Motion to Dismiss is well taken and should be granted.

As stated above, the Beazer East seeks dismissal based on the statute of limitations.  When dismissal is based on the statute of limitations, the dismissal is with prejudice in most circumstances.  However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. <u>John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities)</u>, 757 F.2d 698, 709 (5th Cir. 1985); <u>Arundar v. DeKalb County Sch. Dist.</u>, 620 F.2d 493, 493-95 (5th Cir. 1980).  Based on the holdings in <u>John</u> and <u>Arundar</u>, Plaintiff's claims against Beazer East must be dismissed *without* prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Beazer East, Inc. (docket entry no. 123) is hereby granted.  Defendant Beazer East, Inc., incorrectly named in the Second Amended Complaint as Koppers, Inc., is hereby dismissed from this case without prejudice.

SO ORDERED this the 29th day of November, 2005.

---

[2] Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

                                                <u>s/ William H. Barbour, Jr.</u>  
                                                UNITED STATES DISTRICT JUDGE

tct